■ In the Matter of ERIC H. GREEN & ASSOCIATES, Petitioner, v EVONNE W. JENNINGS TOLBERT, as Acting Commissioner of the State Division of Human Rights, et al., Respondents. [760 NYS2d 473] —Determination of respondent State Division of Human Rights, dated December 10, 2001, insofar as appealed from, finding that petitioner employer discriminated against the complainant because of her pregnancy, unanimously confirmed, without costs, the petition denied, the proceeding, brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Diane Lebedeff, J.], entered April 29, 2002), dismissed, and the cross petition for enforcement of the determination granted and petitioner directed to comply therewith.

The finding of sex discrimination based on pregnancy (*see Matter of New York City Tr. Auth. v State Div. of Human Rights*, 78 NY2d 207, 210 [1991], *on remand* 181 AD2d 891 [1992], *lv denied* 80 NY2d 762 [1992], *amended* 185 AD2d 889 [1992]) is supported by substantial evidence showing, inter alia, that the complainant's request for a leave of absence due

to complications from a miscarriage was denied by petitioner even though supported by a doctor's note, that the complainant's male counterparts were treated more favorably in being allowed to take leave without adequate time accruals or being paid for days out sick, and that the claimant was prevented from filing a timely disability claim by petitioner's failure to return a form to her. No basis exists to disturb respondent's findings of credibility rejecting the testimony of petitioner's principals that the complainant was terminated for insubordination in taking time without permission, and that they were unaware of her miscarriage, ensuing medical problems and doctor's note until after the termination was implemented (*see Matter of Berenhaus v Ward*, 70 NY2d 436 [1987]). We have considered and rejected petitioner's other arguments. Concur—Buckley, P.J., Tom, Ellerin, Lerner and Friedman, JJ.